# EXHIBIT A

# STATE OF TENNESSEE
## THE CHANCERY COURT FOR KNOX COUNTY
# SUMMONS

| | |
|---|---|
| CHARLES HUNTER HOBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 207424-3 |
| ) | |
| BLACK MOUNTAIN MARKETING AND ) | |
| SALES LP and ) | |
| BLACK MOUNTAIN MARKETING AND ) | |
| SALES GP LLC, ) | |
| ) | |
| Defendants. ) | |

FILED 2023 SEP -6 PM 2:37 J. SCOTT GRISWOLD

To: **Black Mountain Marketing and Sales LP**
**c/o Corporation Service Company, Registered Agent**
**251 Little Falls Drive**
**Wilmington, DE 19808**

You are hereby summoned and required to serve upon James H. Price, Plaintiff's attorney, whose address is 249 N. Peters Road, Suite 101, Knoxville, Tennessee 37923, an Answer to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. A copy of the Answer must be filed with the Court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

ISSUED and tested this ___6___ day of September, 2023.

ADA FOR ASSISTANCE CALL 865-215-3641 Elizabeth.Golem@knoxcounty.org

___J. Scott Griswold___
Clerk and Master

___Amelia M Bass___
Deputy Clerk

## NOTICE TO THE DEFENDANT(S)

Tennessee Law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. T.C.A. §26-2-114.

## SERVICE INFORMATION

To the sheriff/process server:

Defendant Black Mountain Marketing and Sales LP may be served with process through its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808.

## RETURN

I received this Summons on the _____ day of _____, 2023.

I hereby certify and return that on the ____ day of _____, 2023, I:

[ ] served this Summons and a Complaint on Defendant(s)_____ in the following manner:_____.

[ ] failed to serve this Summons within 30 days after its issuance because: _____
_____.

_____
Deputy Sheriff / Process Server / Secretary of State

IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

CHARLES HUNTER HOBSON, )
)
    Plaintiff, )
)
v. ) No. 207424-3
)
BLACK MOUNTAIN MARKETING AND )
SALES LP and )
BLACK MOUNTAIN MARKETING AND )
SALES GP LLC, )
)
    Defendants. )

## COMPLAINT

COMES NOW the Plaintiff, Charles Hunter Hobson ("Plaintiff"), by and through counsel, and for his cause of action against the Defendants, Black Mountain Marketing and Sales LP and Black Mountain Marketing and Sales GP LLC ("Defendants"), would aver unto the Court as follows:

### Parties and Jurisdiction

1. Plaintiff is a citizen and resident of Knox County, Tennessee.

2. Defendant Black Mountain Marketing and Sales LP is a Delaware limited partnership that may be served with process upon its registered agent for service of process, Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808.

3. Defendant Black Mountain Marketing and Sales GP LLC is a Delaware limited liability company that may be served with process upon its registered agent for service of process, Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808.

4. This Court has subject-matter jurisdiction pursuant to T.C.A. § 16-11-101 *et seq.*

5. Jurisdiction and venue are proper in this Court because Plaintiff's causes of action arose in Knox County and the parties' agreement was entered into in Knox County.

## Factual Allegations

6. Prior to April 2023, Plaintiff was the President and CEO of INMET Mining, LLC ("INMET"), a Tennessee limited liability company that operated underground coal mines in Kentucky and Virginia.

7. At various times prior to April 2023, Defendants provided services to INMET by marketing and selling coal processed at INMET's mines. Defendants also provided financing for INMET's operations.

8. On February 20, 2023, in connection with a restructuring of Defendants' financing provided to INMET, Plaintiff and Defendants entered into a letter agreement in which Defendants agreed that, if Defendants acquired the assets and operations of INMET Mining, LLC ("INMET"), Defendants would employ Plaintiff for at least two years after the closing of the acquisition of INMET's assets at a salary of $500,000.00 annually. A copy of the parties' agreement is attached hereto as Exhibit A.

9. On April 5, 2023, INMET filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Kentucky.

10. On July 13, 2023, the bankruptcy court entered an order approving the sale of substantially all of INMET's assets to Defendants through one of Defendants' subsidiaries, Bluegrass Energy LLC. According to filings in the INMET bankruptcy case, the sale of INMET's assets to Defendants closed on July 28, 2023.

11. The closing on July 28, 2023, triggered Defendants' obligation under the parties' letter agreement to employ Plaintiff for a period of at least two years at a salary of $500,000.00 annually. However, Defendants have failed and refused to employ Plaintiff as required by the agreement and to pay Plaintiff the specified salary.

2
Case 3:23-cv-00374-TAV-DCP   Document 1-1   Filed 10/17/23   Page 5 of 10   PageID #: 9

12. Counsel for Plaintiff reached out to counsel for Defendants in August 2023 to inquire about the status of Plaintiff's employment with Defendants but received no response.

## Breach of Contract

13. Plaintiff incorporates and realleges each allegation set forth in the preceding paragraphs of this Complaint.

14. Plaintiff entered into a valid and legally binding contract with Defendants: the letter agreement attached as Exhibit A hereto.

15. By failing and refusing to employ Plaintiff for a period of at least two years at a salary of $500,000.00 annually and by failing and refusing to pay Plaintiff the salary to which he is entitled under the agreement, Defendants breached their obligations under the parties' contract, including without limitation the implied covenant of good faith and fair dealing inherent in all contracts entered into in the State of Tennessee.

16. As a result of Defendants' breach of contract, Plaintiff has been and will be damaged in the total amount of $1,000,000.00 in lost salary under the agreement.

**WHEREFORE**, Plaintiff prays for the following relief:

1. That summons be issued and that Defendants be duly served with a copy of the Complaint and be required to answer same, and that this Court decree and enter judgment;

2. That the Court decree that Defendants breached their contract with Plaintiff and award Plaintiff his damages for breach of contract in the amount of $1,000,000.00;

3. That the Court award Plaintiff prejudgment and postjudgment interest to the greatest extent allowed by law;

4. That the Court award Plaintiff his costs and expenses of litigation;

5. That the court costs incurred in this civil action be taxed to Defendants; and

6. That the Court award Plaintiff such other, further, and general relief as may be just and proper under the circumstances.

Respectfully submitted this 6th day of September, 2023.

        **LACY, PRICE & WAGNER, PC**

        By: /s/ James H. Price
            James H. Price (BPR #016254)
            Michael R. Franz (BPR #031664)
            249 North Peters Road, Suite 101
            Knoxville, Tennessee 37923
            (865) 246-0800
            jprice@lpwpc.com
            mfranz@lpwpc.com
            *Attorney for Plaintiff*

## COST BOND

We, the undersigned principal(s) and surety, hereby acknowledge ourselves as obligated for the payment of court costs and taxes that may be awarded in this cause in accordance with T.C.A. § 20-12-120.

        **CHARLES HUNTER HOBSON, Principal**

        By: /s/ James H. Price
        Attorney and Agent for Charles Hunter Hobson

        **LACY, PRICE & WAGNER, PC, Surety**

        By: /s/ James H. Price
        For the Firm

Execution Version

## BLACK MOUNTAIN MARKETING AND SALES LP

February 20, 2023



By email

Hunter Hobson
c/o INMET Mining, LLC
144E Marketplace Blvd
Knoxville, TN 37992
hhobson@inmetminingllc.com

    Re:    Black Mountain Marketing and Sales LLC's Potential Acquisition of Certain Assets of INMET Mining, LLC

Dear Hunter:

    Black Mountain Marketing and Sales, LLC ("BMMS") has had a long relationship with INMET Mining, LLC ("INMET"), both in marketing and selling INMET's coal and, through various prepayment confirmations and a working capital annex, has extended INMET substantial capital to prop up its business. Over that time, BMMS has developed a good working relationship with you, even as INMET's capital needs have grown to exceed its available working capital assets.

    In connection with its efforts to restructure its debt obligations and rationalize its operations, INMET expects to seek to sell certain of its assets and operations in the context of a Chapter 11 bankruptcy case. Although the parties continue to discuss the restructuring and the sale, it is anticipated that BMMS will enter into an agreement to acquire those assets and operations subject to higher and better offers pursuant to the Bankruptcy Code. In that perspective, you have asked BMMS to provide you with assurances regarding your ongoing role in the operation of INMET's assets in the event BMMS acquires those assets and operations.

    We are pleased to advise you that, in the event BMMS acquires INMET's assets and operations in accordance with an asset purchase agreement between BMMS and INMET, BMMS will continue to employ you if, and after, BMMS acquires the INMET assets and operations, at $500,000 of salary, for a period of at least two years after closing of the acquisition. In addition, BMMS intends to purchase as part of its acquisition any and all claims that INMET and its bankruptcy estate may have against you.

    Kindly acknowledge your understanding of BMMS's terms set forth herein by countersigning and returning to BMMS a copy of this letter.

[SIGNATURE PAGE FOLLOWS]

1

Very truly yours,

*[signature]*

Peter Pritchard

Acknowledged this 20th day of February 2023:

*[signature]*
_____
Hunter Hobson

(

Michael R. Franz, Esq.
Lacy, Price & Wagner, PC
249 N. Peters Rd., Suite 101
Knoxville, TN 37923

**CERTIFIED MAIL**™



9214 8969 0099 9790 1214 2581 85



US POSTAGE
$08.14⁰
First-Class
Mailed From 37923
09/13/2023
032A 0061853600

Corporation Service Company, Registered Agent
Black Mountain Marketing and Sales LP
251 Little Falls Drive
Wilmington, DE 19808